UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MATTHEW OLSON, | File No. 07‑CV-0439 (PJS/RLE) |
| Plaintiff, | |
| v. | ORDER |
| MESSERLI & KRAMER, P.A., | |
| Defendant. | |

Michael G. Phillips, LAW OFFICE; Thomas J. Lyons, Sr., LYONS LAW FIRM, P.A.; and Thomas J. Lyons, Jr., CONSUMER JUSTICE CENTER, P.A., for plaintiff.

Derrick N. Weber and Andrew J. Steil, MESSERLI & KRAMER, P.A., for defendant.

Plaintiff Matthew Olson filed this action on January 26, 2007, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"). After the parties conducted some discovery, defendant Messerli & Kramer, P.A. ("M&K") moved for summary judgment. At oral argument, the Court indicated that it would deny M&K's motion and that it was prepared to rule in Olson's favor on the issue of liability. Olson then accepted M&K's offer of judgment under Fed. R. Civ. P. 68 in the amount of $1,001.00, plus reasonable attorney's fees and costs. *See* Docket No. 36. The parties agreed that the Court would determine the amount of attorney's fees and costs unless the parties were able to reach an agreement. The parties were unfortunately not able to agree, and thus the matter is now before the Court on plaintiff's motion for attorney's fees and costs.

This Court recently had occasion to examine the hourly rates of two of the attorneys who seek fees in this case, Thomas Lyons Sr. and Thomas Lyons Jr. *See Orsburne v. Assets Recovered, LLC*, No. 07-1710 (D. Minn. Jan. 14, 2008) (order on attorney's fees). In *Orsburne*, both Lyons Sr. and Lyons Jr. sought fees in the amount of $400 per hour. In support of their

requests, Lyons Sr. and Lyons Jr. submitted their curricula vitae and evidence of the fees that they had been awarded in complex class actions in other jurisdictions. But as the Court noted in *Orsburne*, the relevant inquiry is the prevailing market rate in the Twin Cites, not the rates in other states. *See Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001) ("A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated."). Moreover, *Orsburne* was a simple individual case, not a complex class action. The Court therefore reduced the rates of both Lyons Sr. and Lyons Jr. to $250 per hour.

In this case, Lyons Sr. and Lyons Jr. again seek to recover fees in the amount of $400 per hour, and they again submit the evidence that the Court found inadequate to support such rates in *Orsburne*. But (no doubt in response to *Orsburne*), Lyons Sr. and Lyons Jr. offer additional evidence to support their request. Attorney Michael G. Phillips also submits evidence in support of his request for fees in the amount of $350 per hour.

Lyons Jr. cites a number of additional cases in support of his rates. For example, Lyons Jr. cites early cases in which he was awarded hourly fees of $200 and $250 and uses those cases — as well as the cases he cited in *Orsburne* — to show the progression of his fees over time. *See* Lyons Jr. Decl. Exs. 3-5. These cases do indeed support Lyons Jr.'s argument that his current rate should be higher than $250, but Lyons Jr. fails to cite any case in which he has been awarded the $400 per hour that he seeks here. Lyons Sr. cites only the evidence that he submitted in *Osburne* — evidence that this Court determined just a couple of months ago was insufficient to support a rate of $400 per hour. And Phillips cites only a case in which he was awarded $200 per hour, substantially less than the $350 hourly fee he now requests. Phillips Decl. Ex. 3. That decision

was issued in 2002, and thus it seems reasonable to assume that Phillips's hourly rate has increased. But the appropriate amount of the increase is less obvious.

Olson's counsel have also offered affidavits from local attorneys in support of their rates. *See* Lyons Jr. Decl. Ex. 10, 11; Lyons Sr. Decl. Ex. 6; Phillips Decl. Ex. 4. These affidavits provide some support for a rate higher than the $250 per hour awarded in *Orsburne*, but they lend only lukewarm support to the proposed rates of $400 or $350 per hour. Moreover, given the mandatory fee-shifting provision of the FDCPA, the rates charged by attorneys for this type of work may not reflect the rates that would otherwise prevail in the market.

Finally, Olson's counsel cite the "Laffey Matrix," which is an index based on the hourly rates of attorneys in Washington D.C. *See* Mem. Supp. Att'ys Fees 12–13 & Ex. L. The attorneys acknowledge that this chart represents estimates of rates in Washington D.C. rather than rates in the Twin Cities. But they purport to compensate for this fact by including a downward adjustment of 1.2% to reflect the pay differential between the two communities. Mem. Supp. Att'ys Fees 13. According to the Laffey Matrix (as adjusted), the hourly rates for Lyons Sr., Lyons Jr., and Phillips would be somewhere between $529 and $637. *See id.*

The Court finds, based on its own experience and knowledge of prevailing rates in the Twin Cities area, that the rates identified in the Laffey Matrix are far higher than those actually paid by the clients of attorneys in the Twin Cities for the type of consumer-protection work performed by Olson's counsel, even taking into account the downward adjustment suggested by the attorneys. No doubt one of the reasons why the Laffey Matrix overstates the prevailing market rates is that it does not adjust rates for areas of practice. For example, the Laffey Matrix does not distinguish between the rates generally charged by lawyers who specialize in patent or

antitrust law and the rates charged by lawyers who specialize in consumer-protection or family law. Justly or unjustly, lawyers in certain areas of practice charge a lot more than lawyers in other areas of practice. The Court therefore finds the Laffey Matrix unreliable and of little value in determining a reasonable hourly rate.

The Court is not persuaded that the evidence provided by Olson's counsel is sufficient to justify the hourly rates they request. At the same time, the Court recognizes that Olson's counsel have provided more support for their claimed rates than was provided in *Orsburne* — support that justifies higher rates than Lyons Sr. and Lyons Jr. were awarded in that case. The Court therefore finds the following rates to be reasonable for this case: $325 per hour for Thomas Lyons Sr., $300 per hour for Thomas Lyons Jr., and $275 per hour for Michael Phillips. *See Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005) ("[District] courts may draw on their own experience and knowledge of prevailing market rates."). Although these rates are lower than some of the recent rates awarded in the cases cited by Lyons Sr. and Lyons Jr., they are reasonable given the fact that this was a relatively straightforward individual case. With respect to Phillips, the $275 rate represents a significant increase from his 2002 rate of $200 while also reflecting his level of experience compared with the other two attorneys. *See* Phillips Decl. Ex. 3. Finally, with respect to the hourly rates for the legal assistants, the Court finds that they are reasonable.

The next issue is the reasonableness of the hours expended on this case. With two exceptions (discussed below), the Court finds that the claimed hours are reasonable. Although this case was not particularly complex, it did involve a number of non-frivolous arguments on both sides. M&K points out that the issue on which Olson ultimately prevailed took up very little of Olson's brief in opposition to the motion for summary judgment. *See* Def.'s Mem. Opp'n Mot.

Att'ys Fees 17.  But the remaining issues, on which the Court did not rule, were substantial and would not necessarily have been resolved in M&K's favor.  The Court simply did not need to reach those issues because it found clear liability on other grounds.  Of course, Olson could not have known in advance how the Court would rule, and thus he acted properly in briefing all substantial issues.  Moreover, Olson's counsel appeared to have acted reasonably in the way they litigated this case; the Court saw no evidence that they did anything to unnecessarily prolong these proceedings.

That said, the Court declines to compensate Olson's attorneys for some of the time that they claim.  First, Olson's counsel claim a total of 70.56 hours spent preparing the fee petition.  This is the largest block of time that Olson's attorneys devoted to any aspect of this case, exceeding even the hours spent opposing M&K's motion for summary judgment.  Spending such an extraordinary amount of time on a fee petition is clearly not reasonable, especially given that Olson's counsel regularly file fee petitions with this Court and need not have conducted exhaustive research.  Moreover, M&K asserts, without contradiction, that a substantial reason for the parties' failure to settle the amount of the fees was counsel's refusal to provide any documentation in support of their claimed fees during the parties' negotiations.  *See* Weber Aff. 1–2. Had Olson's counsel not engaged in this unreasonable conduct, it is quite likely that no fee petition would have been necessary.  Because counsel's own unreasonable conduct created the need to file the fee petition — and because Olson's counsel have grossly overreached in seeking to recover for 70.56 hours spent preparing the fee petition — the Court will not order M&K to pay for *any* of the time spent on the fee petition.

Second, Olson's attorneys spent an excessive amount of time on discovery. From their billing records, it appears that the attorneys spent 48.67 hours on discovery and discovery-related activities. *See, e.g.*, Lyons Jr. Decl. Ex. 2; Lyons Sr. Decl. Ex. 2; Phillips Decl. Ex. 2. Although the Court recognizes that there was some need for discovery, expending nearly 50 hours on discovery in this case was excessive. The basis of Olson's claim is that he received a deceptive collection letter. The parties hotly contested the legal issues in this case, but the critical facts were not in dispute, and any peripheral facts should have been quickly and cheaply discovered (as is evidenced by the fact that the parties took no depositions). Furthermore, many of the time entries in the billing records are ambiguous, making it difficult for the Court to determine the exact activities described by any particular entry. The Court will therefore reduce the total hours spent on discovery from 48.67 hours to 30 hours and will reduce each attorney's compensation proportionally.

Excluding all hours spent on the fee petition (as well as the hours that counsel withdrew in response to M&K's opposition brief), and reducing the hours spent on discovery from 48.67 to 30, the Court will award fees in the following amounts:

| Timekeeper | Hours | Hourly Rate | Total |
|---|---|---|---|
| Thomas J. Lyons Sr. | 9.95 | $325.00 | $3,233.75 |
| Thomas J. Lyons Jr. | 36.79 | $300.00 | $11,037.00 |
| Michael G. Phillips | 75.54 | $275.00 | $20,773.50 |
| Sue Wolsfeld | 2.78 | $75.00 | $208.50 |
| Andrea Weber | 2.33 | $110.00 | $256.30 |
| Angela Winegar | 6.75 | $80.00 | $540.00 |
| TOTAL: | | | $36,049.05 |

Counsel also request costs in the amount of $746.74.  The Court finds that this amount — which includes the filing fee, fees for service of process, photocopying expenses, and other similar charges — is proper and reasonable.  *See Pinkham v. Camex, Inc.*, 84 F.3d 292, 294–95 (8th Cir. 1996) (stating that reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys may be included as part of a reasonable attorney's fee).

Finally, M&K argues that it is entitled to offset the fees that it incurred in defending against Olson's "frivolous" arguments, particularly during the summary-judgment proceedings.  *See* Def.'s Mem. Opp'n Mot. Att'ys Fees 20–22.  This argument fails for several reasons.

First, it is worth noting that it was M&K, and not Olson, who moved for summary judgment.  Olson's memorandum in opposition to the motion for summary judgment did not frame the issues for the hearing, but responded to the issues raised by M&K.  The fact that the Court did not need to reach all of the parties' arguments does not render Olson's arguments frivolous.

Second, M&K's position ignores the rather glaring fact that, even though it was M&K (and not Olson) who moved for summary judgment, the Court indicated from the bench not merely that it would deny M&K's motion, but that it would rule as a matter of law in Olson's favor.  Obviously, when a defendant's motion for summary judgment convinces a judge to rule in the *plaintiff's* favor, the defendant can hardly be heard to complain about having to "defend" against the plaintiff's "frivolous" arguments.

Finally, M&K cites no law to support its claim for a set-off.  It is of course true that fees expended in pursuing frivolous claims are not reasonably incurred and therefore are not compensable in the first place.  But M&K cites no cases in which the fees awarded to a prevailing

plaintiff in pursuing a *meritorious* FDCPA claim were reduced to account for fees incurred by the defendant in opposing that same claim.  *Cf. Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 775 (7th Cir. 2003) (affirming denial of attorney's fees to defendant in FDCPA action because plaintiff prevailed on three of her four claims and thus action was not brought in bad faith or for harassing purposes within the meaning of 15 U.S.C. § 1692k(a)(3)).  Olson brought one claim under the FDCPA, and he prevailed on that one claim.  There is no basis for his award to be reduced by the fees incurred by M&K.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiff's motion for attorney's fees and costs [Docket No. 39] is GRANTED IN PART and DENIED IN PART.  Plaintiff shall recover attorney's fees and costs in the amount of $36,795.79.

Dated: April 9 , 2008                                   s/Patrick J. Schiltz
                                                        Patrick J. Schiltz
                                                        United States District Judge